IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| OFFICE PARKS OF LYNCHBURG, LLC AND SAMUEL H. MCMAHON III,<br>*Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANKS, N.A. AND ALL OTHER ASSIGNED TRUSTEES,<br>*Defendants.* | CASE NO. 6:12-cv-00034<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A hearing on the motion took place on September 6, 2012, at 1:30 p.m., though no Plaintiffs were present. For the reasons that follow, I will grant Defendant's motion and dismiss this case as to both Plaintiffs.

### I.  FACTUAL BACKGROUND

This case arises out of a $9 million commercial loan (the "Loan") to Office Parks of Lynchburg, LLC ("Plaintiff Office Parks") for a hotel property located at 3777 Candlers Mountain Road, Lynchburg, VA 24502 (the "Property"). The July 30, 2007 promissory note ("the Note"), payable to CIBC Inc. (the "Lender"), was secured by a Deed of Trust and recorded in Lynchburg Circuit Court. Both the Note and Deed of Trust were executed by Byron McMahon, a manager for Plaintiff Office Parks. According to organizational documents, the only members of Plaintiff Office Parks at the time of the 2007 Loan were Byron McMahon, Sam McMahon, Jr., and Liberty Mountain Properties, LLC.

1

The Lender transferred the Note and assigned the Deed of Trust to Wells Fargo Bank, N.A. ("Defendant Wells Fargo"), effective September 28, 2007. Defendant Wells Fargo acted as trustee for the registered holders of the J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC20, Commercial Mortgage pass-Through Certificates, Series 2007-CIBC20. Years later, on April 13, 2012, Defendant Wells Fargo appointed William H. Casterline ("Defendant Casterline") as a substitute trustee under the Deed of Trust. This Court is ruling on Defendant Casterline's motion to dismiss today.

Between 2007 and November 2011, Plaintiff Office Parks made timely and regular payments pursuant to the terms of the Note and Deed of Trust, but stopped its payments shortly thereafter. Defendant Casterline sent Plaintiff Office Parks a notice by certified mail dated April 26, 2012, stating that Plaintiff was in breach of the 2007 Loan, the outstanding balance and all accrued costs were immediately due (accelerated), and Defendant Wells Fargo was electing to foreclose on the Property under the terms of the Deed of Trust. The public auction, initially scheduled for May 24, 2012, was postponed until June 14, 2012. On May 23, 2012, Defendant Casterline sent Plaintiff another certified notice, reflecting the new public auction date. Pursuant to the terms in the Deed of Trust, Defendant Casterline also advertised information relevant to the sale in the Lynchburg News and Advance on three different occasions (May 28th, June 4th, and June 11, 2012) leading up to the public auction date. The property was sold, as scheduled, on June 14, 2012.

Samuel H. McMahon III ("Plaintiff McMahon III") filed a Complaint in the Circuit Court for the City of Lynchburg on June 13, 2012. Plaintiff McMahon III's Complaint challenges the legality of the 2007 Loan, the enforceability the Note, and the validity of the foreclosure sale. Plaintiff McMahon III seeks legal and equitable relief based upon the nine counts he sets forth

against all Defendants: (1) violation of 15 U.S.C. § 1601; (2) violation of 15 U.S.C. § 1639; (3) violation of 15 U.S.C. § 1692; (4) breach of fiduciary duty; (5) breach of covenant of good faith and fair dealing; (6) challenge to Defendants' standing to foreclose; (7) challenge to Defendants' interest in the Property; (8) fraud; and (9) a violation of the Virginia Civil Code.

## II. LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. JURISDICTION

Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446 on July 9, 2012, and this Court signed an order requesting the transmittal of the original case file from Lynchburg Circuit Court to the Western District of Virginia on July 10, 2012. The federal removal statute allows a defendant to remove a case to federal court if the action is one "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

3

Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. *See King v. Marriott Int'l, Inc.,* 337 F.3d 421, 424 (4th Cir. 2003). Plaintiffs' Complaint raises several issues of federal law, including claims that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* TILA, HOEPA, and FDCPA are all recognized grounds for removal in this Circuit. *See Gilbert v. Residential Funding LLC*, 678 F.3d 271, 275 (4th Cir. 2012) (removal to federal district court based on TILA); *see also McCleod v. PB Inv. Corp.*, 2012 WL 3105077, at *2 (4th Cir. 2012) (removal based on HOEPA provision); *Hovart v. Bank of New York, N.A.*, 641 F.3d 617, 620 (4th Cir. 2011) (removal based on FDCPA and constitutional claims). The outcome of this case depends on interpreting substantial and disputed questions of federal law, *see Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), and removal was properly based on the Court's original jurisdiction over Plaintiffs' civil claims.[1]

Where a court has original jurisdiction over a civil action, it has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiffs' Complaint raises several state law issues, including breach fiduciary duty and fraud, stemming from the same set of facts and

---

[1] Since removal occurred in this case, Plaintiffs have filed another, nearly identical action directly in federal court, asserting the same claims against the same defendants (along with two other parties). That action, filed on July 13, 2012, in the U.S. District Court for the Eastern District of Virginia, was transferred to this Court under Case No. 6:12-cv-00035 on July 16, 2012.

4

circumstances (the 2007 Loan) as its federal law claims. None of these state law issues are novel or predominate over the claims over which this Court has original jurisdiction, *see* 28 U.S.C. § 1367(c), and in any case they are pendent claims, not "separate and independent" within the meaning of § 1441(c). *See, e.g., Hinson v. Norwest Fin. S. C., Inc.,* 239 F.3d 611, 615 (4th Cir. 2001) (finding that the district court had supplemental jurisdiction over state law claims where both federal and state claims arose out of the same loan by defendants). Thus, this Court has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to § 1367(a).

IV. DISCUSSION

A business entity or corporation involved in litigation in Virginia must be represented by an attorney licensed to practice in Virginia. *See* Va. R. S. Ct., pt. 6 § 1, UPC 1-3; *see also Modular Wood Sys., Inc. v. World Trade Group, LLP*, 2009 WL 7310723, at *2 (Va. Cir. Ct. 2009) (discussing UPC 1–3); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887, 1998 WL 112719, at *1 (4th Cir. 1998) ("[A] corporation may not appear *pro se* but must be represented only by duly licensed counsel.") (citing *Rowland v. California Men's Colony*, 506 U.S. 194 (1993)).

Though a limited liability company is not a corporation they share similar features, including the distinction from a natural person and limited personal liability for its owners. *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("[A]n LLC is a cross between a corporation and a partnership."). Accordingly, like corporations appearing in federal court, "[l]imited liability companies may not proceed *pro se*." *St. Paul Fire & Marine Ins. Co. v. Hoskins*, 5:10-cv-00087, 2011 WL 1897683, at *2 n.2 (W.D. Va., May 18, 2011); *Sea Island Co. v. The IRI Grp., LLC*, 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007) ("[T]he law is well-

5

established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel."). Plaintiffs' *pro se* Complaint is signed by Sam McMahon III and "verified" by Benjamin Reese, neither of whom is authorized to practice law in Virginia.[2] Further, there was no attorney present on Plaintiffs' behalf for the September 6, 2012 motion hearing. Office Parks of Lynchburg, LLC has no standing to proceed *pro se* in this case.

Whether Plaintiff Samuel McMahon III can proceed in his individual capacity is a different, yet related, matter. The Complaint, which Plaintiff McMahon III signed, is personal in nature as to the hardships he has allegedly suffered.[3] But while Plaintiff McMahon III may have been affected in some capacity by the default and subsequent foreclosure of the Property, it appears that any actions he may have taken pursuant to the 2007 Loan agreement were through the Office Parks of Lynchburg, LLC. Plaintiff McMahon III did not sign the Promissory Note or Deed of Trust, and it is unclear if he is the "Sam McMahon, Jr." listed in the Office Parks of Lynchburg, LCC organizational documents. In fact, Plaintiff McMahon III never contends that he is even a member of Office Parks of Lynchburg, LLC in the Complaint.[4]

In short, even if he has some connection to the 2007 Loan, Plaintiff McMahon III "lack[s] any personal relationship with [defendants] which gives rise to a cause of action in [his] own right." *Lattanzio v. COMTA,* 481 F.3d 137, 139 (2d Cir. 2007) (holding that a sole member limited liability company must be represented by counsel to appear in federal court). The

---

[2] Mr. Reese describes himself as "the Settler for the Plaintiff in this action," and states that he is verifying the Complaint on behalf of "all of the officers of the Plaintiff" due to their absence from the "County/Jurisdiction."

[3] For example, Plaintiff McMahon III references certain "economic damages and loss of funds and payment of fees," as well as Defendants' alleged wrongful interference "with [his] use and enjoyment of the Property" and the damage of "having [his] home wrongfully placed in foreclosure."

[4] Instead, Plaintiff McMahon III claims to be the "Executor [of] the Estate of Office Parks of Lynchburg, LLC," but provides no further details as to his role in the company.

allegations contained in the June 13, 2012 Complaint, as pleaded, are insufficient grounds for Plaintiff McMahon III to represent himself *pro se* in this matter, and Mr. McMahon III did not appear at the September 6, 2012 hearing to provide clarification or support for his position. Furthermore, Plaintiff McMahon III has not demonstrated any indication that he needs extra time to find counsel to appear on behalf of the LLC or address Defendants' arguments regarding the sufficiency of his claims.[5] Mr. McMahon III, like Office Parks of Lynchburg, LLC, does not have standing to continue as a *pro se* litigant in this case.

### V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss shall be granted, and Plaintiffs' case shall be struck from the Court's active docket. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __20th__ day of September, 2012.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff McMahon III submitted a late response to Defendant's motion titled "Judicial Notice of Quo Warranto Estoppel" that included long excerpts of constitutional and statutory provisions, but failed to address any of Defendant's arguments in a coherent manner.